**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TONY ELWOOD CONNIN, | ) | CASE NO. 3:13 CV 1580 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN MICHELLE MILLER, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Tony Elwood Connin filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently incarcerated in the Belmont Correctional Institution, having been convicted in 2011 of two counts of rape, and one count of unlawful sexual conduct with a minor. In this Petition, he asserts: (1) the trial court erred in imposing maximum sentences and consecutive sentences and the sentences are contrary to law; (2) the trial court abused its discretion in imposing the sentences; (3) the state failed to prove all essential elements of the offenses; and (4) the trial court gave the petitioner consecutive sentences without jurisdiction to impose such sentences because all laws pertaining to consecutive sentencing were severed by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St. 3d 1 (2006). Petitioner asks that his sentence be vacated, and the charges against him be dismissed.

**I.      Background**

Petitioner was charged in the Lucas County Court of Common Pleas with two counts of rape

and one count of unlawful sexual conduct with a minor. He entered into a plea agreement in which he agreed to waive his right to a grand jury and plead guilty to the charges in the information. *See State v. Connin*, No. L-11-1312, 2012 WL 5290286 , at * 1 (Ohio App. 6 Dist. Oct. 26, 2012). In exchange, the state agreed to enter a *nolle prosequi* to charges brought under an earlier indictment. *Id.* Petitioner was sentenced on December 15, 2011 to ten years incarceration on each count of rape and to five years incarceration on the unlawful sexual conduct with a minor count. The court ordered the sentences on the two rape counts to be served consecutive to each other. The sentence for unlawful sexual conduct with a minor is to be served concurrent to the rape sentences for a total aggregate sentence of twenty years.

Petitioner appealed his sentences to the Ohio Sixth District Court of Appeals. He asserted four assignments of error:

> 1. The trial court erred in imposing maximum sentences and consecutive sentences and the sentences are contrary to law.
>
> 2. The trial court abused its discretion in imposing the sentences.
>
> 3. The state failed to prove all essential elements of the offenses.
>
> 4. The information charging the appellant is defective and fails to state the adequate *mens rea*.

*Id.* The Court of Appeals found that Petitioner's guilty plea waived his right to challenge his conviction on the grounds of insufficiency of the evidence and concluded his third assignment of error was not well-taken. With respect to his fourth assignment of error the court determined that the wording of the information met or exceeded the *mens rea* requirements under *State v. Horner*, 126 Ohio St. 3d 466 (2010).

For his first assignment of error, Petitioner argued that the trial court did not follow the Ohio

Supreme Court's decision in *State v. Kalish*, 120 Ohio St. 3d 23 (2008) when deciding to issue consecutive sentences and did not consider the sentencing factors in Ohio Revised Code § 2929.12. Similarly, Petitioner argued in his second assignment of error that the trial court abused its discretion with respect to applying the sentencing factors in Ohio Revised Code § 2929.11. The Court of Appeals disagreed with both arguments and determined that the sentences were not contrary to Ohio law. Petitioner's first and second assignments of error were not well-taken.

Petitioner appealed this decision to the Ohio Supreme Court. He asserted four propositions of law:

> 1. The trial court erred in imposing maximum sentences and consecutive sentences and the sentences are contrary to law.
>
> 2. The trial court abused its discretion in imposing the sentences.
>
> 3. The state failed to prove all essential elements of the offenses.
>
> 4. The information charging the appellant is defective and fails to state the adequate *mens rea*.

(Pet. Doc. No. 1 at 2). The Ohio Supreme Court declined jurisdiction.

Petitioner then filed the within Petition for a Writ of Habeas Corpus. He asserts four grounds for relief:

> 1. The trial court erred in imposing maximum sentences and consecutive sentences and the sentences are contrary to law.
>
> 2. The trial court abused its discretion in imposing the sentences.
>
> 3. The state failed to prove all essential elements of the offenses.
>
> 4. The trial court gave the Petitioner consecutive sentences without the jurisdiction to impose such a sentence. All laws pertaining to consecutive sentencing were severed by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St. 3d 1 (2006)...violating Equal Protection

>of the laws and Due Process under the Ohio and United States Constitutions.

(Pet. Doc. No. 1 at 5).

In support of his first ground, he argues that at the trial court erred at his sentencing by imposing consecutive sentences for the two counts of rape because the sentences were contrary to Ohio Revised Code § 2953.08. He contends the court ignored mitigating factors when it imposed maximum sentences. He further argues that the trial court made no factual findings to support consecutive sentences as required by Ohio law.

In support of his second ground, Petitioner asserts that Ohio law, Equal Protection and Due Process mandate that the trial court, in exercising its "discretion," consider certain factors before imposing maximum or consecutive sentences. The trial court failed to properly elaborate as to the mandated facts that would allow the trial court to give such a long sentence.

In support of his third ground, Petitioner argues that his convictions for rape and unlawful sexual conduct with a minor failed to produce legally sufficient evidence to support his convictions. He claims the trial court accepted his guilty plea without obtaining evidence of penetration, use of force or threat of force, or sexual conduct. He states his verdict fails as a matter of law.

Finally, in support of his fourth ground for relief, Petitioner argues he entered his guilty plea prior to the implementation of Ohio House Bill 86. He contends the Ohio Supreme Court in *State v. Foster*, 109 Ohio St. 3d 1 (2006) found portions of Ohio's consecutive sentencing laws to be unconstitutional and severed parts of the law. He asserts the Ohio Supreme Court violated separation of powers by altering a legislative act. He claims the only Ohio law in effect at the time of his sentencing was Ohio Revised Code § 5145.01 which mandated concurrent sentences and the

trial court lacked jurisdiction to impose consecutive sentences.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have

an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

### III.     Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts.

*See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state

procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

To determine if a claim is procedurally defaulted the court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the state courts actually enforced the state procedural sanction; and (3) the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented

-8-

to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

**IV.     Analysis**

Here, Petitioner did not exhaust his state court remedies for his second and fourth claims. He asserted his second claim as a violation of Ohio law in the state courts. The State of Ohio also decided the merits of his second claim based on Ohio law. He now adds the phrases "due process" and "equal protection" to his second ground in this petition. He did not assert this claim as a violation of federal law in his state court appeals. To be fairly exhausted, a claim must be raised as a violation of federal law, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). It must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Due process and equal protection are separate claims from violations of state statutes. *Id.* To the extent Petitioner is now attempting to assert this claim as a violation of federal law, it is unexhausted.

Petitioner did not present his fourth claim to the Ohio courts before raising it in this petition. In the state courts, he asserted that the charging information failed to state the adequate *mens rea*. In this petition, he contends the trial court was without jurisdiction to impose consecutive sentences due to the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d. 1 (2006). He did not raise this claim in the Ohio courts. It is therefore unexhausted.

As explained above, a petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first

opportunity to decide a petitioner's claim," since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted). Accordingly, where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring the petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

Nevertheless, a habeas court need not wait for a petitioner's claims to be exhausted if it determines that a return to state court would be futile. If a petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. *See O'Sullivan*, 526 U.S. at 847–48; *Harris v. Reed*, 489 U.S. 255, 260–62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir.1989).

Here, return to state court would be futile. Petitioner already filed a direct appeal of conviction and sentence and asserted four claims arising under state law. Ohio has consistently applied the doctrine of *res judicata* to prevent litigants from returning to state court to file a second appeal to assert the same claim under a new legal theory, or to assert a new claim he could and should have raised in his first appeal. *See State v. Perry*, 10 Ohio St.2d 175, 180 (1967). *Res judicata* is an independent and adequate state ground upon which to deny appellate relief. *Buell v.*

-10-

*Mitchell*, 274 F.3d 337, 348-49 (6th Cir. 2001).

In order for Petitioner to obtain a merits review of these procedurally defaulted claims by this Court, he must demonstrate cause and prejudice to excuse his failure to raise the claim in state court, or show that a miscarriage of justice would occur were the habeas court to refuse to address the claim on its merits. *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir.2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). Petitioner, however, offers no explanation for failure to assert these claims in state court as violations of federal law, nor does he show a resulting miscarriage of justice. Therefore, Petitioner's second and fourth grounds for relief in the instant federal habeas corpus petition are dismissed as unexhausted and procedurally defaulted.

While Petitioner exhausted his state court remedies with respect to his first and third grounds for relief, these claims assert violations of state law which are not cognizable in a federal habeas petition. A federal habeas court sitting in review of a state court judgment cannot second guess a state court's decision concerning matters of state law. *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001); *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000) ("Principles of comity and finality equally command that a habeas court can not revisit a state court's interpretation of state law"). Therefore, a claim based solely on an error of state law is not redressable through the federal habeas process. *Norris v. Schotten*, 146 F.3d 314, 328-29 (6th Cir. 1998); *Hutchison v. Marshall*, 744 F.2d 44, 46-47 (6th Cir. 1984).

Petitioner asserts in his first ground for relief that his consecutive sentences for the two counts of rape are contrary to Ohio Revised Code § 2953.08. He claims in his third ground for relief that the trial judge did not examine whether the state could prove all elements of the crimes to which he pled guilty. Both of these grounds are based on violations of state law. Because Petitioner did

not assert these claims as violations of federal constitutional law, this Court cannot disturb the state court judgment on those grounds. His first and third grounds for relief are dismissed.

Similarly, while Petitioner's second claim inserts language pertaining to violation of due process and equal protection, the substance of his claim is that the trial court did not consider statutory factors before imposing consecutive sentences. To the extent Petitioner's second claim is based on a violation of state law, it is also not cognizable in habeas.

Finally, Petitioner's third ground is also without merit. He contends the state failed to prove all essential elements of the offenses of which he was charged; however, petitioner pled guilty to the charging information. By entering a guilty or a no contest plea, a defendant waives constitutional rights that are provided to him in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004). A guilty plea is by its very nature an admission of guilt to all elements of the offenses for which Petitioner was charged.

### III. Conclusion

Accordingly, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

January 3, 2014                               */s/ John R. Adams*
                                                       JOHN R. ADAMS
                                                       UNITED STATES DISTRICT JUDGE